IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LAKESHIA RASHAWN EDMOND,** *et. al.*, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:25-cv-01121-O-BP |
| **NOKIA INC,** *et. al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 16, 2025, *pro se* Plaintiff Lakeshia Rashawn Edmond filed a complaint, purportedly on behalf of several plaintiffs, against multiple Defendants in the United States District Court for the Eastern District of Texas. ECF No. 1. On September 22, 2025, United States Magistrate Judge James Boone Baxter ordered the case transferred to this Court. ECF No. 4. This case was automatically referred to the undersigned pursuant to Special Order 3 on October 10, 2025. ECF No. 8.

In her complaint, Edmond contends without any support that "she is not and is . . . no longer a vexatious litigatiant [sic]." ECF No. 1 at 1. This, however, is incorrect. In October 2023, after Edmond's prolonged history of submitting multiple frivolous claims in this district, the Court declared her a vexatious litigant. *Murry v. Serafino*, No. 4:23-cv-00683-P-BJ, 2023 WL 6467681 (N.D. Tex. Aug. 30, 2023), *rec. adopted*, No. 4:23-cv-00683-P, 2023 WL 6471703 (N.D. Tex. Oct. 4, 2023). At that time, the Court specifically ordered that she must "seek leave of court by motion before she is permitted to file any additional complaints" in this Court. *Murry*, 2023 WL 6471703, at *1. Edmond has not filed a motion seeking permission for the Court to hear this case.

That the case originated in the Eastern District of Texas ought not to allow Edmond to evade her obligation to this Court and its staff to seek permission before maintaining a case here. *See Welsh v. Lamb Cnty.*, No. 5:20-cv-00024-H, 2024 WL 4203355, at *22 (N.D. Tex. Sept. 16, 2024) (barring a vexatious litigant from filing any new case in the Northern District of Texas "either directly or indirectly by transfer").

Additionally, the Court notes that Edmond has not paid the $250.00 monetary sanctions that the Court ordered her to pay in Civil Actions Nos. 4:24-cv-00388-O-BP, 4:24-cv-00525-O-BP, 4:24-cv-00805-O, and 4:24-cv-931-O, totaling $1,000. While Edmond insists that "she . . . is awarded . . . no longer . . . having to pay any sanction," she is incorrect. ECF No. 1 at 1. The Court has not absolved her of this requirement, nor does Edmond's pending Motion for Leave to Proceed *in forma pauperis* in this case (ECF No. 3) relieve her of her obligation to pay the required penalties accrued across her many other cases in this district. She still must do so.

Finally, the Court finds that the present case—like its long line of predecessors—is frivolous and wasteful of scarce judicial resources, not to mention Edmond's own. In the present case, Edmond continues a regrettable pattern of filing incomprehensible pleadings that are difficult to parse or adequately summarize. Among other requests, she asks that Nokia Inc. pay a monthly bonus of $91,000.00 to former Secretary of State Hillary Clinton, that the Court permit Edmond to meet her biological daughter at a specified Chili's Bar and Grill in Fort Worth, Texas, and that the Court award her a tour of the "GM Financial Building" with catering from McAlister's Deli in Las Colinas, Texas provided. ECF No. 1 at 2-3. But Edmond does not articulate why she is entitled to these requests (or any other), nor does she set out any legal argument whatsoever. Even the most liberal construction of her pleadings does not reveal a cognizable cause of action.

This pattern of abusive litigation is unhelpful to anyone, least of all Edmond herself. The Court has ordered her to stop this pattern of filing frivolous cases in this Court, and she must do so. Despite her opinion to the contrary, she has not been excused from any payment, and indeed for her continued waste of the Court's time, the undersigned **RECOMMENDS** that Chief Judge O'Connor order Edmond to pay an additional monetary sanction to the Court in the amount of **$250.00** in this case.

Accordingly, the undersigned **RECOMMENDS** that the Court **STRIKE** Edmond's complaint from the record and order the Clerk of Court to **CLOSE** the case due to Edmond's failure to seek permission to file it and for failing to pay the required sanctions, that the Court **DIRECT** the Clerk to not accept for filing any additional civil actions from Edmond (whether filed in this Court originally or transferred to this Court) that are not accompanied by (1) a motion for leave seeking permission to file the case and (2) payment of the outstanding sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on October 24, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE